IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-CV-00187-MR
CRIMINAL CASE NO. 1:12-CR-00121-MR-DLH-1

| | |
|---|---|
| KEITH SHERMAINE WALTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 3].[1] According to the government's motion, defense counsel does not object to its request. [Id.].

Petitioner was convicted by plea of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). [CR Doc. 23]. The presence report noted that Petitioner had two, prior qualifying North Carolina convictions —(1) a 1996 North Carolina conviction for possession with intent

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting the document is listed on the docket in the civil case file number 1:16-cv-00187-MR, or the letters "CR" denoting the document is listed on the docket in the criminal case file number 1:12-cr-00121-MR-DLH-1.

to manufacture, sell, and deliver cocaine, and (2) a 2002 North Carolina conviction for common law robbery and attempted second-degree kidnapping (as a single predicate) — that triggered an enhancement to his base offense level under Section 2K2.1(a) of the Sentencing Guidelines. Based on the Section 2K2.1 enhancement, Petitioner faced a Guidelines range of 151 to 188 months of imprisonment. This Court imposed a sentence of 100 months of imprisonment. [Id.].

On June 20, 2016, Petitioner commenced this action by filing a petition pursuant to 28 U.S.C. § 2255. [CV Doc. 1]. In his petition, Petitioner contends that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his prior conviction under North Carolina law for common law robbery and attempted second-degree kidnapping (treated as a single predicate) no longer qualifies as a predicate for a base offense level enhancement under Section 2K2.1(a). [Id. at 3-4]. Consequently, Petitioner argues that his sentence enhancement is unlawful in light of Johnson. [Id.].

In response to the petition, the government has filed a motion to hold this proceeding in abeyance. [CV Doc. 3]. The government contends that this case will be affected by the Supreme Court's decision next Term in Beckles v. United States, 616 Fed. Appx. 415 (11th Cir.), cert. granted, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). [Id. at 2]. One of the

questions presented in Beckles is whether Johnson applies retroactively to cases collaterally challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). The residual clause invalidated in Johnson is identical to the residual clause in the Career Offender provision of the Guidelines, § 4B1.2(a)(2) (defining "crime of violence"). In turn, the residual clause in Section 4B1.2(a)(2) is incorporated by reference under Section 2K2.1 comment note 1.

Based upon the reasons given by the government, and without objection by Petitioner, the Court concludes that the government's motion should be granted.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 3], is hereby **GRANTED** and this matter is hereby held in abeyance pending the Supreme Court's decision in Beckles. Thereafter, the government shall have 60 days from the date the Supreme Court decides Beckles within which to file its response in this matter.

**IT IS SO ORDERED.** Signed: September 1, 2016

Martin Reidinger
United States District Judge